# NELS JACKSON AND JENNIE JACKSON v. ED. STRAABE.[1]

## November 25, 1921.

## No. 22,362.

**Judgment based on issues litigated, not on prayer for relief.**

1. In an action at issue on the pleadings and litigated by the parties, the prevailing party is entitled to judgment consistent with the issues thus presented without regard to the specific relief demanded.

[1]Reported in 185 N. W. 290.

**Grant of relief beyond prayer proper, when.**

2. A judgment in such an action for relief beyond that expressly demanded is not void so long as the subject matter so adjudicated was embraced within the pleadings or litigated by consent.

**Otherwise in case of default judgment.**

3. The rule is otherwise in default judgments where the relief of plaintiff is limited by statute to that expressly demanded in his complaint.

**Judgment in ejectment in favor of plaintiff not void, when.**

4. In an action in ejectment wherein plaintiff's title to the property is alleged in the complaint and for lack of denial is admitted by the answer, a judgment determining the title to be in plaintiff is consistent with the pleadings and therefore not void.

Action in ejectment in the district court for Anoka county and to recover $1,000 for withholding the premises. Defendant's motion to vacate the judgment entered on November 29, 1916, whereby plaintiffs were decreed to be the owners of the premises involved, was granted, a new trial of the action was ordered, and the case consolidated with the case of Straabe v. Jackson for trial. From the order granting that motion, plaintiffs appealed. Reversed.

*Will A. Blanchard,* for appellants.

*Louis A. Reed, J. M. Pulliam* and *L. A. A. P. & R. C. Reed,* for respondent.

BROWN, C. J.

The parties to this action entered into an executory contract for the sale to defendant of certain land owned by plaintiffs situated in Anoka county. A down payment on the purchase price was made and defendant was given possession of the land on March 15, 1914. Defendant subsequently discovered what he considered were fraudulent representations concerning the land, made by plaintiffs at the time the contract was entered into, and in April, 1915, he commenced an action in equity to rescind the contract, and recover the down payment. At that time there was an instalment of the purchase price which he failed and refused to pay. Plaintiffs answered in that action denying the fraud. Thereafter they duly gave notice of a cancelation of the contract for the

failure of defendant to make the payment so due as just stated. The notice was not complied with, that is, defendant did not make the payment, and, after the expiration of 30 days from the service of the notice, plaintiffs brought this action in ejectment to recover possession of the land. Defendant answered, and for the alleged fraud embraced in his action for a rescission of the contract, which was pleaded in the ejectment suit, demanded a rescission of the contract and judgment for the return of the down payment. Both actions came on for trial at the same time and were for the purposes of the trial consolidated and tried together, an appropriate judgment being awarded in each. An appeal resulted in a reversal in each case. Straabe v. Jackson, and Jackson v. Straabe, 134 Minn. 179, 158 N. W. 915.

This action, the ejectment suit, was promptly remanded to the court below on application of plaintiffs and was duly noticed for trial at the October, 1916, term of the court where it was pending. It came on for trial on October 11. Both parties appeared, and after some preliminary proceedings and objections, not here material, the issues were tried. At the conclusion of the trial the court directed a verdict for plaintiffs and judgment was thereafter on November 29, 1916, duly rendered to the effect that they were the owners of the land and entitled to the possession of the same. Defendant then surrendered the premises to plaintiffs, who ever since have and now do hold possession thereof. On the trial defendant moved that the action be again consolidated and tried with the action to rescind the contract, which was denied, on the ground that that action had not been remanded from this court and was still pending therein. The ruling was correct. That action was subsequently remanded to the court below. There was no appeal from the judgment rendered in this action and it became final and beyond attack, except under the mistakes and amendment statute, six months from the date of the entry, or on May 29, 1917.

Thereafter, on October 27, 1919, some two years and eleven months after the entry of the judgment, defendant made the motion involved on this appeal, to set the judgment aside and for a retrial of the action, on two grounds, stated in a word, (1) excusable neglect, and (2) that the judgment exceeded the relief demanded by the complaint and to that extent was void. The motion was granted by the trial court and plaintiffs appealed.

1. It does not expressly appear upon which of the two grounds the trial court granted the motion, but we assume that it was not upon the first, excusable neglect, for it is clear on the record that defendant is not entitled to relief on that ground. Our statutes provide that relief from judgments may be had upon a proper showing of excusable neglect at any time within one year from notice of the entry thereof. G. S. 1913, § 7786. It conclusively appears from the record that defendant had notice of this judgment immediately after its entry. The motion for relief was not made for nearly three years thereafter. Clearly it came too late.

2. The second ground of motion presents the only theory on which the trial court could grant the relief, if at all. But we are clear that the facts of the case are not sufficient to sustain it on that ground. The action is in ejectment and the specific relief demanded in the complaint is limited to a judgment for the possession of the property with costs of suit. The judgment in fact rendered determines that plaintiffs are the owners of the premises, in addition to awarding possession thereof to them. The precise point made by counsel for defendant is that the part of the judgment determining the title to the property was unauthorized and therefore void within the rule stated and applied in Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348, because no such relief was demanded by the complaint. The case is not in point on the facts here involved. That was a default judgment, and was made to adjudicate upon a matter not in any way involved under the allegations of the complaint. It was held that the court was without jurisdiction to adjudicate upon the particular question, and that the judgment was void as to the matter not included within the relief demanded, citing the statute limiting the scope of default judgments against a defendant not answering. G. S. 1913, § 7896.

The judgment in the case at bar was not entered on default of defendant to appear. Defendant did appear and the title to the land from the view-point of plaintiffs' case was expressly involved. Their title was alleged in the complaint, and stood admitted for want of a denial in the answer. The issues were tried, both parties taking part therein, and although the trial court said to the jury, in instructing a

verdict for plaintiff for the possession of the property, that the title was not involved, nevertheless it was the sole basis on which plaintiffs could predicate their claim to a right of possession. And, since the title as asserted and alleged in the complaint was not denied by the answer, we assume that all the learned trial court intended, by the remark referred to, was to advise the jury that the matter of title was not an issue for their consideration, a perfectly correct statement on the issues as presented by the pleadings.

The judgment adjudging plaintiffs the owners of the land was not therefore void as not within the issues in the case, and, since no relief was applied for upon discretionary grounds within the time limited by statute, it became final and free from attack with the expiration of the time to appeal therefrom. The order vacating it must be reversed.

Order reversed.