## A. H. KOEBIG v. VICTOR WENZEL.[1]

November 9, 1923.

No. 23,524.

**Order striking out answer as sham sustained.**

Where, in support of a motion to strike an answer as sham and frivolous, the showing is that defendant has repeatedly made unqualified admissions of the liability sought to be enforced, and there is no explanation or denial of such admissions, an order granting the motion will not be reversed.

From an order of the district court for Hennepin county, Leary, J., granting plaintiff's motion to strike out defendant's amended answer as sham and frivolous and for judgment in favor of plaintiff, defendant appealed. Affirmed.

*John F. Bernhagen* and *H. E. Maag,* for appellant.
*Robert R. Odell,* for respondent.

[1]Reported in 195 N. W. 769.

Stone, J.

Action by the drawer against the drawee of an accepted bill of exchange for $770. Defendant appeals from an order striking out his amended answer as sham and frivolous and directing judgment for plaintiff.

The amended answer probably made an issue as to the consideration for the acceptance. The action is between the original parties. Plaintiff is not suing as a holder in due course. Therefore, there was no obstacle in the way of proving want or failure of consideration. That question is discussed in the briefs, but is obviously not the ground upon which the learned trial judge granted the motion. He was impressed with the idea that the denial of consideration, or the allegation of a failure of consideration, however the amended answer may be viewed, was clearly sham and frivolous, and the record presents ample foundation for that conclusion. The bill was drawn May 9, and payable July 5, 1920. It represented the balance due plaintiff under a written contract for the sale and conveyance to defendant of an undivided interest in certain California oil options. As a conveyance it was entirely executed upon its delivery, although it contained other covenants prospective in operation, and which were intended to remain executory for the time being. The correctness of the amount of the draft cannot be seriously disputed. It was the view of the learned trial judge that defendant's obligation to pay was equally beyond question and we concur in that view.

The record discloses letters and telegrams from defendant to plaintiff bearing date of July 7, July 26 and October 1, 1920. In every one, defendant unqualifiedly admits his obligation to pay the full amount of the draft. In the letter of July 7, he asks plaintiff to release him, "to make the best of it" and "consider the $130 I paid you * * * as a forfeiture, which should enable you to cover the expenses and disappointments you suffered through my failure." He proceeds as follows: "If. I should be more fortunate than I think I am, which will disclose itself within the next thirty or sixty days, *I shall be only too glad to fulfil my obligations.*"

The italicized statement refers to the accepted bill of exchange which is the subject matter of this suit. In the face of such an unequivocal admission, undenied and unexplained, the order appealed from cannot be disturbed.

Order affirmed.