### FREDERICK C. BARWALD, AS ADMINISTRATOR v. WILLIAM THUET.[1]

November 9, 1923.

No. 23,573.

**Refusal to vacate judgment and allow defense sustained.**
>    The court was justified, on the showing made, in refusing to vacate a judgment in favor of the plaintiff and in denying the defendant permission to defend.

From an order of the district court for Dodge county, Senn, J., denying his motion to vacate a judgment and interpose a defense, defendant appealed. Affirmed.

*H. J. Edison*, for appellant.

*John Swendiman, Jr.*, and *J. J. McCaughey*, for respondent.

[1]Reported in 195 N. W. 768.

DIBELL, J.

The defendant appeals from an order of the district court of Dodge county denying his motion to vacate a judgment and interpose a defense.

The action resulting in the judgment was brought in March, 1919, for an accounting between the plaintiff, as administrator, and the defendant. It resulted in findings for the plaintiff in the sum of $463.35. The plaintiff moved for a new trial. It was granted. The defendant appealed to this court. On May 6, 1921, his appeal was dismissed. The cause of the dismissal does not appear. The case then stood for trial at the October, 1921, term, and was set for trial at the adjourned term on January 3, 1922. On December 30, 1921, it was stipulated that the action might be brought on for trial, to suit the convenience of the court, upon five days' notice by either party, at Mantorville in Dodge county, or at Owatonna, in Steele county, in the same judicial district. On February 2, 1922, plaintiff's attorney wrote the defendant's attorney at St. Paul that he had advised with the trial judge, and that the case was set for February 8, 1922. The letter received was mailed by the defendant's attorney to the defendant in an envelope postmarked February 6, 1922. It did not reach him until February 8. It bore this memorandum of the attorney: "This thing speaks for itself. Call me at once upon receipt." On February 7, 1922, the defendant was served with a subpoena to appear at the trial. The officer who served the subpoena says that when he served it the defendant said: "I run my own business." Neither the defendant nor his attorney appeared at the trial, and judgment was entered for the plaintiff for $4,454.64 on February 28, 1922. The defendant gave no heed to the letter, nor to the subpoena. Why his attorney did nothing is not shown.

On December 30, 1921, when the time of trial was drawing near, the defendant conveyed certain farm lands to his wife. In June or July, 1919, he had made a deed to his wife of other lands. On August 30, 1922, the plaintiff brought suit to set aside these deeds as fraudulent so that he might satisfy his $4,400 judgment from them. The defendant brought the summons and complaint in that

suit to his attorney, now appearing for him, but who did not appear for him before some time in September, 1922, and then first learned of the $4,400 judgment of February 28, 1922. This motion was made on September 30, 1922.

It may be noted that in the latter part of December, 1921, the defendant mortgaged his personal property; and there is an undisputed affidavit that on September 5, 1922, which was after the commencement of the action to set aside the deeds, he mortgaged for $18,000 the lands which they included.

From the early part of February until in September following the defendant did nothing. It does not appear that he was unversed in business affairs. It is not claimed that he did not appreciate the effect of the letter from his attorney, or of the subpoena calling him to the trial. He claims that he was sick at the time and his claim is substantiated; but there is no explanation of the seven months' delay following.

Whether a judgment shall be set aside with leave to the defendant to defend is within the sound discretion of the trial court. 2 Dunnell, Minn. Dig. § 5012, et seq. We cannot say that in this case discretion was abused. The defendant was apparently in a bad financial way, and discouraged and disheartened. He disregarded the proceedings which he knew were pending against him with some degree of wilfulness. If promptly after February 8, he had sought relief it would have been given him. The trial court might have given him an opportunity to present his defense, though his application was late, upon such terms as would fully indemnify the plaintiff for additional expenses and trouble, the judgment rendered awaiting the result; but we cannot disturb its conclusion that he should have no relief.

Order affirmed.