## LaRUE IRON MINING COMPANY AND OTHERS v. VILLAGE OF NASHWAUK AND OTHERS.[1]

December 21, 1928.

No. 27,199.

[1]Reported in 222 N. W. 527.

*F. Eugene Cassidy,* for appellants.

*Washburn, Bailey & Mitchell,* for respondents.

*Junell, Dorsey, Oakley & Driscoll* and *Hugh H. Barber,* amici curiae, filed a brief in support of the contention of appellants.

STONE, J.

Appeal from an order denying a motion to vacate in part and modify in part a judgment of an injunctional nature which was rendered in 1926.

The action is by plaintiffs as taxpayers against the village of Nashwauk in Itasca county and its officers. The case was tried and resulted in a decision for plaintiffs. The resulting judgment was largely of the nature of a mandatory injunction. It is sufficient for present purposes to say that the purpose was to keep the village and its officers within the limits fixed by law in the raising and expenditure of village funds. One gets the impression from the present record (which is not complete) that moneys had been raised for village purposes without regard to the legal limits of levies and that the funds so raised had been expended with even less regard for the requirements of law. The judgment, entered June 22, 1926, was calculated to remedy the situation so far as then possible and to keep the village and its officers within legal limits in the future. No appeal was taken, and the judgment was not questioned until May, 1928, when the defendant village made the motion from the order denying which this appeal was taken. Some terms of the judgment were somewhat relaxed in favor of the village by the order, but in most respects the motion was denied.

Except for the one question of jurisdiction hereinafter discussed, there is no claim that the judgment was unauthorized. The argument is rather and only that it was erroneous. The statutory appeal from the judgment being the exclusive method for

reviewing an authorized judgment and correcting it if erroneous, the law does not permit another method of review by an appeal from an order denying a motion to vacate or modify the judgment. Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374, and cases cited.

■ The argument that the district court was without jurisdiction as to certain phases of its judgment misconceives the rule of Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348. That was an action to determine adverse claims. There was a judgment by default, which as to some of the relief granted not only went beyond the scope of the complaint but also violated the statute controlling the action. The holding here was that the judgment was pro tanto without jurisdiction. The decision was based expressly upon the statute, G. S. 1923, § 9392, providing that, in an action to determine adverse claims, "as against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint." The judgment in question went beyond any issue tendered by the complaint proper as distinguished from its prayer for relief. That case was expressly limited in Jackson v. Straabe, 150 Minn. 329, 332, 185 N. W. 290. It "was a default judgment," the court said, "and was made to adjudicate upon a matter not in any way involved under the allegations of the complaint," and in violation of the statute "limiting the scope of default judgments against a defendant not answering."

Where instead of a default issue is joined and there is a trial, different considerations apply. As put in Jackson v. Straabe, 150 Minn. 329, 185 N. W. 290, on a trial the prevailing party gets redress frequently without regard to the specific relief demanded, and the judgment, if for relief beyond that expressly demanded, is not void so long as the subject matter adjudicated was embraced within the pleadings or litigated by consent.

In the instant case there is no showing of what was actually litigated. There is no question but that the court had jurisdiction of both subject matter and parties. Such arguments as that the things required by the judgment are beyond the legal power of the

village, or that the result may require it to violate the law, charge an erroneous as distinguished from an unauthorized judgment. They present considerations which doubtless were raised and passed upon at the trial. If they were not they should have been. At all events, it is too late to consider them now. The motion was not based upon any determining change of fact or law which has taken place since the entry of the judgment. The whole argument for appellant is reducible to the claim that the judgment was erroneous. That by no means appears; but for reasons already stated it would be too late to make the claim even if it were true in whole or in part.

Appeal dismissed.

