## G. I. LODAHL v. CLARENCE HEDBURG.[1]

September 25, 1931.

No. 28,504.

L. J. Lauerman, for appellant.
Freeman & Smith, for respondent.

LORING, J.

Defendant purchased a used truck from plaintiff at a price claimed by plaintiff to be $300. Defendant asserts that the price

[1]Reported in 238 N. W. 41.

was $200. The controversy resulted in the plaintiff's bringing suit for the alleged balance, August 25, 1930, by the service of a summons and complaint upon the defendant personally. Defendant failed to answer, and the plaintiff promptly took judgment by default. In December the defendant moved to open the judgment and for leave to answer. This motion was granted, but the court later vacated its order and reinstated the judgment. From this latter order the defendant appeals, presenting the sole question whether or not the court abused its discretion in failing to permit the defendant to answer.

On the record before us the court on the second motion was justified in believing that the deputy sheriff who served the summons and complaint upon the defendant explained to him the nature of the suit and the necessity of getting a lawyer to interpose an answer within 20 days and that if he did not do so a judgment would be entered and a levy made upon defendant's property. The defendant practically admits that this advice was given him. Instead of interposing an answer he wrote a letter to plaintiff's lawyers explaining the circumstances of the purchase and ending with a belligerent challenge to meet plaintiff in "any court in any land." He inclosed the summons and complaint. Other statements by defendant go to the merits of his defense, but it is quite apparent that he was not misled or deceived about the necessity of an answer, but was fully advised by the deputy sheriff as to how and why one should be interposed. The letter could not well be treated as an answer, nor could the defendant have so understood it after the careful and friendly explanation made by the deputy as to how one should be interposed.

On the record before the trial court it was not an abuse of discretion to refuse to permit the judgment to be opened. City of St. Paul v. Meister, 176 Minn. 59, 61, 222 N. W. 520.

The order appealed from is affirmed.