## WILLIAM CROES v. JOHN HANDLOS.[1]

January 9, 1948.

No. 34,423.

*Mogren & O'Donnell,* for appellant.

*Joseph F. Cowern, Clinton W. Redlund,* and *Andrew A. Glenn,* for respondent.

PETERSON, JUSTICE.

This appeal is from an order denying defendant's motion to open a default judgment and for leave to answer.

[1]Reported in 30 N. W. (2d) 471.

The only question requiring an answer here is whether a finding that defendant without reasonable excuse failed to answer is supported by a showing to the effect that defendant ignored both the advice of his attorney upon withdrawing to procure another one to interpose an answer and a notice received from the clerk that the case would be heard as a default on a specified date.

Plaintiff sued in conversion to recover one-half the value of a hay baler. He alleges that he and defendant owned the baler as tenants in common and that defendant converted the machine by selling the "whole thereof" to a third party. Defendant retained counsel, to whom he in effect stated that the allegations of the complaint were true. Counsel advised a settlement, to which defendant agreed, but which he refused to consummate after it had been arranged. Thereupon, counsel returned the summons and complaint to defendant and told him to get another lawyer to represent him. This defendant did not do within the time to answer. Instead, his wife called plaintiff's counsel, to whom, she claims, she stated that defendant had a written receipt showing that defendant sold only his half interest in the baler and not the whole thereof. Without opening negotiations of any sort, plaintiff's counsel suggested to her that defendant mail the receipt to him for examination. This defendant did not do. Not having heard from defendant, no answer having been interposed, and defendant being then in default, plaintiff caused judgment by default to be entered eight days afterward. The memorandum attached to the order appealed from states that the clerk gave defendant notice of the hearing at which the default judgment was rendered and that he made no appearance either in person or by attorney.

About one week after the entry of judgment defendant moved to open and for leave to answer. The court considered at length the case on the merits and concluded that upon the showing the proposed answer was sham and that defendant without reasonable excuse failed to answer. We need consider and decide only the latter question.

The motion to vacate and for leave to answer was made upon the ground of excusable neglect. Under M. S. A. 544.32, the court, in its discretion, may grant such relief upon the ground mentioned. We have repeatedly held that granting or refusing a motion to open a default judgment is a matter resting almost wholly in the sound discretion of the court. Relief should be granted liberally so as to permit determination of the controversy upon the merits. Where, however, the defendant himself has been guilty of inexcusable neglect, relief should be denied. Barwald v. Thuet, 157 Minn. 94, 195 N. W. 768 (failure of defendant to appear at trial, although he was advised to do so by his attorney and had been subpoenaed by plaintiff) ; Lodahl v. Hedburg, 184 Minn. 154, 238 N. W. 41 (defendant failed to answer, notwithstanding fact that sheriff told him when summons was served to get a lawyer and interpose an answer, and instead wrote a letter to plaintiff's attorney explaining his side of the controversy). Courts have refused relief to a defendant as being guilty of inexcusable neglect, where, as here, he ignored a notice that on a specified date plaintiff would apply for a default judgment, Mountain v. Stewart, 112 Colo. 302, 149 P. (2d) 176; or where his lawyer withdrew from the case and advised him to get another lawyer to represent him, but he did not do so, Hughes v. Wright, 64 Cal. App. (2d) 897, 149 P. (2d) 392. Of course, a defendant may appear and answer personally, but he must do so either personally or by counsel.

Here, the finding that defendant's failure to answer was not the result of excusable neglect finds support in the facts that defendant did not engage counsel to interpose an answer within the time therefor, although he was advised to do so by the counsel he retained when counsel withdrew from the case, and that defendant ignored the notice from the clerk that the case was to be heard on a specified date as a default. Such a showing permitted a finding that defendant was guilty of inexcusable neglect.

Affirmed.