IN RE APPLICATION TO REGISTER TITLE
TO REAL ESTATE.
HEIRS OF OTTO ROOD v. ANDREW D. GIBAS AND OTHERS.
OTTO L. ROOD, APPELLANT.[1]

June 17, 1949.

No. 34,936.

*Marshall S. Snyder,* for appellant.
*Thomas Tallakson* and *Karl F. Diessner,* for respondents.

MATSON, JUSTICE.

Appeal by a mortgagee of record from a default judgment and decree in land title registration proceedings.

---

[1]Reported in 38 N. W. (2d) 70.

The sole issue is whether, in title registration proceedings, the trial court exceeded its jurisdiction by granting relief in excess of that demanded in the application when it adjudicated a mortgage of a nonanswering defendant to have been executed without consideration and to have been satisfied in fact. Respondent, as administrator of the estate of Otto Rood, deceased, on February 4, 1948, in his application for the registration of title to real estate in Hennepin county, alleged in part as follows:

"G. Liens and encumbrances on the land, recorded or unrecorded: Home Owners' Loan Corp., * * *. Unpaid balance on real estate mortgage.

\* \* \* \* \*

"J. Defects, if any, in applicant's title: *Otto Rood claims to hold a valid second mortgage on said premises.*

"Wherefore the applicant prays the court *to find and declare the title or interest of the applicant in said land and decree the same,* and order the registrar of titles to register the same, and to grant such other and further relief as shall be according to equity." (Italics supplied.)

The Otto Rood named as the claimant of the second mortgage is the appellant herein.

The examiner of titles in his written report to the district court on March 6, 1948, said:

"* * * I will recommend as defendants both Otto L. Rood as trustee and also Otto L. Rood, individually, and *I assume from the statements of the application that the existence of any lien in his favor in either capacity is questioned* and will be covered by evidence at the hearing so that there may be find[ing]s of fact covering the subject in the decree of registration." (Italics supplied.)

Pursuant to M. S. A. 508.16, a summons was personally served upon the appellant as a party defendant. Appellant interposed no answer and did not appear at or participate in the hearing on the application. The court adjudged his mortgage to have been executed without consideration and to have been satisfied in fact.

 Was relief granted in excess of that demanded in the application? The general rules that govern procedure in an ordinary civil action apply to title registration proceedings under M. S. A. c. 508, unless such statute provides otherwise.[2] Section 508.09 provides that the court may allow the applicant to make verified written amendments to the original application. The apparent purpose of this latter section is, generally speaking, to give to pleadings in registration proceedings the same incidents as apply to pleadings in ordinary civil actions. See, 29 M. S. A. p. 443. There is nothing in c. 508 to indicate a legislative intent to the contrary. The rule of ordinary civil actions governing the relief that may be granted against a nonanswering defendant is therefore applicable.

██ In a judgment by default, plaintiff's relief is strictly limited in nature and degree to that specifically demanded in the complaint—or the application in title registration proceedings—and it makes no difference that other and greater relief might be justified by the allegations and proofs.[3] In determining the specific nature and degree of relief demanded in the complaint, it may be necessary to construe the prayer for relief in conjunction with the allegations of the complaint as a whole. Section 548.01 limits the relief to that demanded in the complaint as a whole and not to the relief demanded in an isolated portion of the complaint. We do not here have a prayer for relief which is so specifically limited in its scope as possibly to foreclose a consideration of the complaint as a whole. In the instant case, the prayer for relief presented to the court the broad issue of declaring or ascertaining the title or *interest* of the applicant *in the land*. Obviously, the applicant's *interest in the land*

---

[2] Hiller v. Smith, 191 Minn. 272, 253 N. W. 773; Owsley v. Johnson, 95 Minn. 168, 103 N. W. 903; 5 Dunnell, Dig. & Supp. § 8356.

[3] Keys v. Schultz, 212 Minn. 109, 2 N. W. (2d) 549; Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348; Duenow v. Lindeman, 223 Minn. 505, 27 N. W. (2d) 421; M. S. A. 548.01; 3 Dunnell, Dig. & Supp. § 4996. For limitations upon the rule of Sache v. Wallace, *supra*, see Jackson v. Straabe, 150 Minn. 329, 185 N. W. 290, and LaRue I. Min. Co. v. Village of Nashwauk, 176 Minn. 117, 222 N. W. 527.

could not be determined without giving consideration to the validity and extent of all encumbrances. "Interest in land" is a broad term which may refer to any one of a variety of estates or fractional shares in realty. It may refer to the net equity or fractional property value possessed by the owner over and above the sum total unpaid on outstanding encumbrances. The prayer for relief was both specific and broad enough to put in issue the validity of appellant's mortgage. Its unmistakable implications and scope reasonably put him on notice. As a normally prudent person, he was reasonably warned to look beyond the prayer for relief to the allegations of the complaint as a whole. These allegations indicated that the applicant did not recognize his mortgage as an admitted encumbrance. Although a first mortgage of the Home Owners' Loan Corporation was classified as a bona fide encumbrance, that of the appellant was designated as nothing more than a defect or cloud on the title. As a title defect, nothing was conceded beyond the mere statement that *the mortgagee claimed* it was a valid second mortgage. The language in which the relief demanded in the application was couched, especially in view of the manner in which the second mortgage was described and classified in the application, was adequate to apprise appellant of the relief that might reasonably be, and which in fact was, granted by the court. That the relief so granted did not go beyond the relief demanded in the application is confirmed by the interpretation and the assumption of the examiner in his report.

Judgment affirmed.

Mr. Justice Thomas Gallagher took no part in the consideration or decision of this case.