EVELYN SARA EISENBERG v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF BLOOMINGTON, ILLINOIS.

134 N. W. (2d) 144.

March 26, 1965—No. 39,779.

*Hoppe & Healy* and *Robert J. Healy,* for appellant.

*Meagher, Geer, Markham & Anderson* and *O. C. Adamson II,* for respondent.

PER CURIAM.

This matter is before the court on a motion to dismiss an appeal from an order refusing to vacate a judgment. The judgment was en-

tered January 10, 1964. No appeal was taken within the 90-day period provided by Minn. St. 605.08. On May 4, 1964, plaintiff moved to vacate the judgment. This motion was denied by order December 14, 1964. The notice of appeal filed January 12, 1965, was from the order refusing to vacate the judgment. Under the appeal statute, § 605.09, no provision is made for an appeal from an order refusing to vacate a judgment.

We held in Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423, that an appellant is not entitled to have a valid authorized judgment vacated for the sole purpose of reentering the same judgment and then appealing therefrom. We have held that an order refusing to vacate a nonappealable order is generally not appealable because that which cannot be done directly cannot be done indirectly. Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638; Luethi v. Stanko, 240 Minn. 380, 61 N. W. (2d) 522.

From the record in this case it appears that plaintiff assumed that there would be some notification of the entry of judgment and that she did not learn of the entry of judgment until the time to appeal therefrom had expired. Plaintiff apparently feels that the court should interpret the rules so as to permit an appeal even after the time therefor has expired under circumstances where the clerk of court has failed to provide the losing party with notice of entry of judgment as provided by Rule 77.04, Rules of Civil Procedure.

Plaintiff further points out that the clerk of the Hennepin County District Court does not in practice comply strictly with the provisions of Rule 58.01, Rules of Civil Procedure, which requires that judgment be entered "forthwith" upon a verdict or order for recovery of money or costs. It is asserted that the clerk's practice of ignoring this provision and his failure to serve notice of entry of judgment as required by Rule 77.04 misled counsel to their prejudice. It is plaintiff's argument that counsel should be permitted to rely on the clerk of court's compliance with the rules and that his failure to comply should not operate to the prejudice of one whose right to appeal is lost because he has not been informed of entry of judgment.

The issues raised have been fully discussed and considered in

Tombs v. Ashworth, *supra,* where it was held that the time for appeal from a judgment commences to run upon entry thereof; that the failure of the clerk to comply with the rule requiring service of notice of entry of judgment on the parties interested does not affect the time for appealing; and that after expiration of time for appeal the trial court does not have the power to set aside or vacate such judgment and reenter it for the purpose of giving a party the right to appeal from the judgment after his right to do so has expired.

Appeal dismissed.