### GAYLE LaFOND v. FRANK SCZEPANSKI.

141 N. W. (2d) 485.

March 11, 1966—No. 39,749.

*Bruce B. James,* for appellant.

*Brink, Sobolik, Severson & Nelson* and *Lyman A. Brink,* for respondent.

SHERAN, JUSTICE.

Appeal from an order denying a motion to vacate a judgment.

On January 19, 1961, action was instituted by Gayle LaFond against Albert Durand, William Durand, and Frank Sczepanski for actual damages in the sum of $15,000 and exemplary damages in the amount of $10,000 for injury sustained on July 3, 1960, as a result of an altercation. The theory of the claim was that Sczepanski had assaulted LaFond and that the Durands were at fault because they had tolerated

Sczepanski on their premises after demonstration of his vicious and quarrelsome nature. The case was submitted to a jury and on September 16, 1961, a verdict was returned in favor of the defendants.

Plaintiff made timely application for judgment notwithstanding the verdict or a new trial based on the court's minutes,[1] which was submitted to the Honorable Paul A. Lundgren on October 5, 1961. He died on December 24, 1961, before rendering a decision. Upon reference to Judge Arnold C. Forbes, the motion for a new trial was granted.[2]

By note of issue served by mail on August 6, 1963, the case was placed on the proper calendar for trial at a general term commencing September 3, 1963.[3]

By motion and notice of motion dated August 21, 1963, defendant Sczepanski gave notice that he would move the district court on August 30, 1963, that trial of the action be continued to November 4, 1963, in order to secure the attendance or depositions of witnesses and to "secure a transcript of the testimony of certain witnesses." A supporting affidavit sets out that efforts to secure a transcript initiated 8 months previously had been fruitless due, in part at least, to difficulties in locating the reporter's notes. It avers also that one of the needed witnesses had moved to Wyoming and another to Florida.

The motion for a continuance was denied by order filed August 31, 1963, the court stating in part:

*"I believe, however, we can have the case set for trial at the week beginning September 16th. * * ** 

*"The court reporter's notes have now, I understand, been forwarded to the former court reporter, * * *."* (Italics supplied.)

When the case was called for trial on September 16, 1963, the trial judge was met with an unusual situation. Defendant's attorneys withdrew from the case and defendant declined either to accept other counsel or participate in the trial. The explanation given was that a transcript of the minutes of the former trial had not been secured and that defendant considered it useless to proceed without one.

---

[1] See, Rule 59.03(3), Rules of Civil Procedure.

[2] See, Rule 63.01, Rules of Civil Procedure.

[3] The claims against the defendants other than Sczepanski were dismissed.

To establish that Sczepanski's decision not to defend was made with full knowledge of the consequences, he was interrogated at length by the court and plaintiff's counsel to test his understanding of the effect of his actions. He stated that he was 25 years old and a graduate of the Northwest School of Agriculture at Crookston. Asked if he understood that the proceedings might result in a judgment against him, he replied, "Well, I don't have anything anyway." Informed that the case could be submitted to a jury or to the court, he stated that he would "sooner have it by the Court." Advised that he could be present to ask questions of the witnesses or absent himself from the courtroom, he stated, "I would want to absent myself." Asked if he cared to have any witnesses subpoenaed to appear for him, he said, "No." He affirmed that he realized that the action against him was for both compensatory and punitive damages and that as a result of the proceedings a judgment could be entered against him and collected from any property or money that he might own.

The defendant did in fact absent himself from the courtroom. Witnesses were called by the plaintiff. Ample evidence was developed sustaining, if not compelling, the findings of the trial judge to the effect that plaintiff was seriously injured because of an unprovoked assault inflicted by defendant.

The trial judge's conclusions of law were in plaintiff's favor and the entry of judgment against defendant in the amount of $17,157.60 was ordered by the court.

Judgment in plaintiff's favor was entered pursuant to the order for judgment on October 10, 1963, a waiver of costs and disbursements having been filed. According to the file, *notice of entry of this judgment was mailed to defendant on October 11, 1963.*

On April 2, 1964, notice was given that application would be made to the district court on April 15, 1964, for an order vacating the October 11, 1963, judgment and granting a new trial pursuant to Rule 60.02, Rules of Civil Procedure. Notice of an amended motion to the same effect was served on plaintiff on or about June 17, 1964. The motion to vacate was denied and so this appeal.

If the appeal be considered as one from an order denying a motion to

vacate an authorized judgment upon grounds reviewable by appeal from the judgment, the order is nonappealable.[4] If we treat the judgment as equivalent to one by default for failure to appear, the case is governed by Croes v. Handlos, 225 Minn. 247, 30 N. W. (2d) 471, and Barwald v. Thuet, 157 Minn. 94, 195 N. W. 768. In the latter of these cases this court said with respect to the defendant there involved, who failed to appear at the second trial of a case following an order granting a new trial over his opposition (157 Minn. 96, 195 N. W. 769):

"Whether a judgment shall be set aside with leave to the defendant to defend is within the sound discretion of the trial court. * * * we cannot say that in this case discretion was abused. The defendant was apparently in a bad financial way, and discouraged and disheartened. He disregarded the proceedings which he knew were pending against him with some degree of wilfulness. If promptly after February 8 [the day when the case was set for retrial], he had sought relief it would have been given him. The trial court might have given him an opportunity to present his defense, though his application was late, upon such terms as would fully indemnify the plaintiff for additional expenses and trouble, the judgment rendered awaiting the result; but we cannot disturb its conclusion that he should have no relief."

Order affirmed.

---

[4] See, Piper v. Johnston, 12 Minn. 27 (60); Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374; Matchan v. Phoenix Land Investment Co. 165 Minn. 479, 205 N. W. 637; LaRue Iron Min. Co. v. Village of Nashwauk, 176 Minn. 117, 222 N. W. 527; Breslaw v. Breslaw, 229 Minn. 371, 39 N. W. (2d) 499; Weckerling v. McNiven Land Co. 231 Minn. 167, 42 N. W. (2d) 701; State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517; Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423. Compare Eisenberg v. State Farm Mutual Auto. Ins. Co. 270 Minn. 487, 134 N. W. (2d) 144, with Kemerer v. State Farm Mutual Auto Ins. Co. 206 Minn. 325, 288 N. W. 719.