*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2181**

In re the Guardianship and/or Conservatorship of Adeline V. Dorosh.

**Filed August 18, 2014
Affirmed
Reyes, Judge**

Todd County District Court
File No. 77PR13226

Deanna Dorosh, Coon Rapids, Minnesota (appellant pro se)

John E. Lindemann, Brown & Krueger, P.A., Long Prairie, Minnesota (for respondent Pamela Dorosh-Walther)

Thomas P. Klecker, Thornton, Reif, Dolan, Bowen & Klecker, P.A., Alexandria, Minnesota (for respondent Payee Central Diversified, Inc.)

Timothy M. Churchwell, Peters & Churchwell, P.A., Long Prairie, Minnesota (for respondent Adeline V. Dorosh)

        Considered and decided by Reyes, Presiding Judge; Reilly, Judge; and

Stoneburner, Judge.[*]

### U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

        On appeal from an order appointing a guardian and conservator, appellant asserts

that (1) the order is void for lack of personal jurisdiction over the ward because service of

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment under Minn. Const. art. VI, § 10.

the amended petition was statutorily deficient; (2) lack of timely notice violated the ward's due-process rights; (3) the district court erred by denying appellant's motion for a change of venue; (4) the district court erred by excusing certain parties from appearing and by declining to re-open the record upon notification that the ward wished to attend the hearing; and (5) the district court erred by summarily denying her petition to vacate the order. We affirm.

## FACTS

This case arises from a dispute between two sisters over who should direct the care of their mother, Adeline Dorosh (the ward). In February 2013, the ward was admitted to a hospital after she fell at her home in Browerville. She was 83 years old at that time. The ward's daughter, appellant Deanna Dorosh (appellant), objected to diagnostic testing proposed by the hospital staff and tried to have the ward discharged into her care, but the ward refused to sign an acknowledgment that discharge was against medical advice. Hospital staff told appellant that she could not decide to have the ward discharged unless the ward had given her power of attorney.[1] Medical tests completed over appellant's objection showed that the ward had suffered a sacral fracture, and hospital staff noted that the ward was chronically confused and disoriented throughout her subsequent four-week hospital stay.

---

[1] Appellant later asserted that the ward had granted her power of attorney, but she never produced documents to support that claim. On March 13, while still in the hospital, the ward signed a revocation of powers of attorney running to appellant. The revocation documents were drafted by respondent's counsel and identify two powers of attorney by date, but the powers themselves are not in the record. Appellant later moved for reinstatement of the alleged powers of attorney, and the district court denied the motion.

Appellant repeatedly told hospital staff that she was going to remove the ward from the hospital and objected to staff sharing information with her sister, respondent Pamela Dorosh-Walther (respondent). Although staff continued to note symptoms of dementia, appellant insisted that dementia was not an issue. On March 8, appellant walked the ward to an exit, prompting staff to call police; police intervened, and the ward remained in the hospital. As her condition improved, the ward began to get out of bed on her own, against medical advice, and suffered additional falls, but sustained only superficial injuries. On March 20, the ward's doctors discharged her from the hospital, and she was transported by ambulance to a skilled-nursing facility in New Brighton, in Ramsey County.

On March 15, respondent filed an emergency petition in Todd County District Court requesting that she be appointed as the ward's emergency guardian. The ward's physician filed a statement supporting guardianship, indicating that the ward was experiencing severe memory impairment and dementia and was "very confused." The district court granted respondent's petition, scheduled an emergency hearing for March 19, and appointed an attorney to represent the ward. On the day of the hearing, appellant moved for a continuance and requested that she be appointed as the ward's emergency guardian instead of respondent. The district court continued the hearing to March 28 and declined to appoint appellant as the ward's guardian.

On March 26, respondent and Daryl Dorosh (the ward's son) notified the district court of their intent to seek appointment of a neutral third party as the ward's guardian instead of respondent. On March 28, respondent formally petitioned for appointment of

3

respondent Payee Central Diversified (Payee Central) as the ward's guardian, and the emergency hearing occurred as scheduled. Respondent and appellant appeared, each represented by counsel. The ward's attorney and Daryl Dorosh were also present. From the bench, the district court ordered continuation of the March 15 emergency-guardianship order, excused respondent as emergency guardian and appointed Payee Central in her place, and scheduled a full evidentiary hearing for May 9. The district court later issued a written order to the same effect.

On April 9, a visitor met with the ward.[2] The visitor reported to the district court that the ward *did not* want to attend the hearing scheduled for May 9, *did* want a court-appointed attorney, and *did* want respondent to be appointed as her guardian. The visitor served the ward with a copy of the petition, notice of the hearing, and notice of the court's appointment of an attorney to represent her. On April 29, appellant, through counsel, moved to dismiss the petition or, in the alternative, to transfer venue to Ramsey County. Appellant's attorney then withdrew. On May 7, respondent amended the guardianship petition to request the appointment of Payee Central as both guardian and conservator for the ward. The need for both a guardian and a conservator had been discussed at the emergency hearing.

Respondent appeared with counsel at the May 9 evidentiary hearing. The ward's counsel appeared, but the ward did not. Daryl Dorosh and a representative of Payee Central were also present. Appellant did not appear, but faxed a letter to the district court

---

[2] "Visitor" is a statutory term in this context, referring to a court-appointed person who meets with the subject of a guardianship petition in an effort to determine that person's wishes. Minn. Stat. § 524.5–420(g) (2012).

4

explaining that her absence was due to the withdrawal of her counsel and other factors. Appellant's fax included two handwritten letters, purportedly written and signed by the ward, asserting that the ward wanted appellant, not respondent, to be in charge of her affairs, wanted to use her own funds to hire an attorney to replace her court-appointed counsel, and wanted to leave the New Brighton facility. The district court did not discuss the letters during the hearing and later returned them to appellant, explaining that they would not be accepted for filing because they were not copied to all parties.

During the hearing, the ward's counsel told the court that the ward did not wish to be present and moved that her presence be waived. Hearing no objection, the district court granted the motion. The district court told those present that appellant's counsel had withdrawn. The district court denied appellant's motion for a change of venue, stating that appellant had defaulted on the motion by failing to appear. The parties present stipulated to the admission of the ward's medical records. A doctor then testified that the ward has "significant dementia" and would not be safe in a home setting, that full-time nursing care is the least-restrictive alternative that would serve her needs, and that it is highly unlikely that her condition will improve. The doctor also testified that the ward "definitely cannot" make decisions about conserving her own assets and income, or about her care. On May 21, the district court issued a written order appointing Payee Central as the ward's guardian and conservator.

On October 3, appellant, acting pro se, filed a "petition" asking the district court to vacate the May 21 order or hold an additional evidentiary hearing, order the ward discharged into her care, issue a temporary restraining order against Payee Central, and

reinstate the powers of attorney.  On October 21, the district court summarily denied the petition, concluding that it sought the same relief as the April 29 motion to dismiss, on which appellant had defaulted by failing to appear at the May 9 hearing, and stating that appellant "has not identified any new, non-frivolous ground that would allow this Court to consider her request for relief."

Appellant retained new counsel and, on November 19, appealed the district court's May 21 order.  On November 20, she moved the district court for amended findings, a new trial, and relief from the October 21 dismissal of the pro se petition.  The district court stayed consideration of the November 20 motion, concluding that the filing of the appeal deprived it of authority to consider the posttrial motion.

## DECISION

Appellant asserts arguments based on personal jurisdiction and due process.  She also argues that the district court erred by denying her motion for a change of venue, by excusing the appearances of the ward and the visitor rather than reopening the record despite appellant's evidence that the ward wanted to attend the hearing, and by summarily dismissing appellant's October petition.  We address these five issues in turn.

## I.     Personal jurisdiction

Appellant argues that the district court's appointment of Payee Central as the ward's guardian and conservator is void for lack of personal jurisdiction over the ward because, although the ward was validly served with the *original* guardianship petition, she was not served with the *amended* petition.  Appellant asserts, in effect, that service of

6

the amended petition on the ward is a statutory prerequisite to personal jurisdiction over the ward.

Appellate courts generally do not consider issues not raised to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Additionally, while a defense based on lack of subject-matter jurisdiction may be raised at any time by any party or by the court, a defense of lack of personal jurisdiction is waived if a party omits it from a motion consolidating defenses, or fails to assert it by motion or include it in a responsive pleading or an amendment of a responsive pleading. Minn. R. Civ. P. 12.08.

In her brief, appellant admits that the district court did not address the jurisdictional argument she now asserts. More importantly, the record shows that she did not raise this issue before the district court. There are exceptions to the *Thiele* rule, *see Putz v. Putz*, 645 N.W.2d 343, 350 (Minn. 2002) (noting that the *Thiele* rule is not "ironclad"), but appellant does not raise any recognized exception or claim that any might apply here. Appellant also did not raise this issue by motion or include it in any of her pleadings or other filings. We therefore conclude that appellant has waived her personal-jurisdiction argument under both the *Thiele* rule and Minn. R. Civ. P. 12.08, and we decline to consider it.

## II.     Due process

Appellant argues that "proceeding on a petition to appoint both a guardian and a conservator with the petition having been filed only two days before the hearing violated the ward's constitutional right to due process." The United States and Minnesota

constitutions prohibit government from depriving individuals of life, liberty, or property without due process of law. U.S. Const. amend. XIV § 1; Minn. Const. art 1, § 7. "Due process is a fairness doctrine which requires that a person have notice and an opportunity to be heard." *In re Conservatorship of Edwards*, 390 N.W.2d 300, 304 (Minn. App. 1986).

Our consideration of this issue is hampered by the fact that appellant does not clearly apply the legal rules she states to the facts of the case; her argument consists of citations to authority and assertions that the district court's order deprived the ward of liberty and property.[3] Appellant seems to suggest that the evidentiary hearing was conducted based on the filing of the amended petition alone. If that were true, the argument might have some merit because the evidentiary hearing occurred on May 9, just two days after the amended petition was filed. The Uniform Guardianship and Protective Proceedings Act (the act) requires petitioners to notify "all interested persons" of the time and place of the hearing at least 14 days before the hearing. Minn. Stat. § 524.5-113(a) (2012). "Interested person" includes, among others, the proposed ward. Minn. Stat. § 524.5-102, subd. 7 (2012). But the evidentiary hearing was not conducted based only on the filing of the amended petition, and appellant's argument ignores the notice-giving effect of the events that occurred before the petition was amended. The district court

---

[3] We note that this argument could be considered waived because issues not briefed on appeal are waived, *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982), including issues alluded to, but not argued, *McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998), and "[a]n assignment of error based on mere assertion and not supported by argument or authority" is waived "unless prejudicial error is obvious on mere inspection," *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quotation omitted). We address it nonetheless.

scheduled the evidentiary hearing during the March 28 emergency hearing, and the original petition was filed on the day of the emergency hearing. The amended petition was filed weeks later. The ward was personally served with the original petition and notice of the evidentiary hearing on April 9, a month before the evidentiary hearing. The visitor read the notice and petition to the ward in the presence of a third party, and the ward indicated that she understood the purpose and effect of the proceedings and did not wish to attend. The attorney appointed to represent the ward was present at every proceeding. The possibility that the petition for guardianship would be amended to include conservatorship was discussed—in the presence of the ward's attorney, appellant, and appellant's then-counsel—during the emergency hearing. The amended petition was personally served on the ward's attorney three days before the evidentiary hearing, and filed with the district court two days before the evidentiary hearing. The transcript of the evidentiary hearing shows that the ward's attorney was aware of the amendment prior to the hearing.

We conclude that there is no basis in the record for appellant's implied assertion that the evidentiary hearing was conducted based only on the filing of the amended petition. We also conclude that the ward did not lack notice of the proceedings. We accordingly reject appellant's due-process argument.

## III. Change of venue

Appellant argues that the district court erred by denying her motion for a change of venue. As a threshold matter, we note that we could decline to consider this issue for two reasons. First, when parties fail to fully litigate an issue before the district court we

9

generally do not decide it on appeal. *In re Estate of McCue*, 449 N.W.2d 509, 512 (Minn. App. 1990) (citing *Fryhling v. Acrometal Prods., Inc.*, 269 N.W.2d 744, 747 (Minn. 1978)). Appellant's motion stated her arguments in conclusory terms, clearly contemplating that the motion would be supported by arguments presented later during an appearance before the district court. Appellant failed to fully litigate the issue by failing to appear and support the motion. Second, alleged defects in venue may be waived by seeking affirmative relief in the allegedly improper venue. *In re Guardianship of Kowalke*, 232 Minn. 292, 306–07, 46 N.W.2d 275, 284 (1950). After appellant sought the change in venue, she invoked the district court's authority by asking it to order that the ward be immediately discharged into her care. We choose to address the issue nonetheless, and conclude that appellant's argument lacks merit.

We review a district court's denial of a motion for a change of venue for abuse of discretion. *In re Cont'l Cas. Co.*, 749 N.W.2d 797, 799 (Minn. 2008) (stating and applying this standard for general civil cases); *Toughill v. Toughill*, 609 N.W.2d 634, 642 (Minn. App. 2000) (stating this standard for family law cases).

Venue for a guardianship proceeding for an incapacitated person is in the county where the proposed ward resides. Minn. Stat. § 524.5-108(b) (2012). Venue may be transferred to another county if the change would be in the best interest of the proposed ward, but the burden is on the party seeking the transfer to show that the transfer is in the best interest of the proposed ward. *Id.*, (e) (2012). When the proposed ward's domicile changes during the proceedings, whether to change venue is in the district court's discretion. *See Grier v. Estate of Grier*, 252 Minn. 143, 149, 89 N.W.2d 398, 403 (1958)

10

(applying the then-current version of the guardianship-venue statute and concluding that "there is no requirement that the guardianship venue be transferred whenever there is a subsequent change of the ward's domicile").

Appellant argues that her motion was denied "merely because [she] failed to appear at the May 9th hearing." We reject this argument because the record shows that appellant also failed to demonstrate that the change would be in the ward's best interest. The only "argument" supporting her motion is the bare assertion, in the motion, that the transfer would be in the ward's best interest. The motion also asserts that "it is imperative that [the ward] have a right to attend the hearing," and that "venue in Ramsey County will be more convenient" for her. But appellant produced no evidence that venue in Todd County would interfere with the ward's right or ability to attend the hearing.

We conclude that the district court did not abuse its discretion with regard to appellant's change-of-venue motion, and we affirm its denial of the motion.

## IV. Excused appearances

Appellant argues that the district court "had a responsibility to re-open the record and schedule a properly noticed hearing once it became aware that the ward wanted to appear at the May 9th hearing . . . and . . . use her own funds to hire her own attorney." She asserts that the district court should not have excused the ward from appearing and that the court-appointed visitor should have been required to appear as well. We have already addressed the notice issue. We now address the district court's decision to excuse the ward's appearance without reopening the record, and the visitor's absence from the evidentiary hearing.

11

Decisions relating to appointment of guardians and conservators are within the discretion of the district court. *In re Conservatorship of Foster*, 547 N.W.2d 81, 84 (Minn. 1996). Reviewing courts shall not interfere with this exercise of discretion absent a clear abuse of it. *In re Guardianship of Stanger*, 299 Minn. 213, 215, 217 N.W.2d 754, 755 (1974). This court has limited itself to determining whether the district court's findings are clearly erroneous, giving due regard to the district court's credibility determinations. *In re Conservatorship of Lundgaard*, 453 N.W.2d 58, 60–61 (Minn. App. 1990). We have also deferred to the discretion of the district court to resolve a proposed ward's inconsistent expressions of preference. *In re Guardianship of Kowalski*, 382 N.W.2d 861, 867 (Minn. App. 1986), *cert. denied*, 106 S. Ct. 1467, *review denied* (Minn. Apr. 18, 1986). Additionally, to prevail on appeal an appellant must show both error and prejudice resulting from the error. *Midway Ctr. Assocs. V. Midway Ctr. Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975). Harmless error is to be disregarded. Minn. R. Civ. P. 61.

The act provides that a proposed ward "shall attend" the hearing unless "excused by the court for good cause." Minn. Stat. § 524.5–307(a) (2012). The district court expressly excused the ward's attendance after her counsel reported that she did not want to attend. Although the district court did not refer to the visitor's report (in which the visitor also stated that the ward did not want to attend) that report had been in the record for several weeks at that point. Appellant's argument is that the letters she faxed to the district court on the day of the hearing show that the ward *did* want to attend. Those letters were returned to appellant because they were not copied to the other parties, and

12

the district court did not consider them. The letters are not part of the record. *See* Minn. R. Civ. App. P. 110.01 (stating that "[t]he documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases"). The record shows that several neutral parties noted that the ward did not want to attend the evidentiary hearing; in addition to the visitor's report and the statement of the ward's counsel, medical records admitted at the evidentiary hearing include a progress note in which a licensed social worker documented the ward's statement that she did not want to go to the hearing. To the extent that the letters appellant relies on express an inconsistent desire, the district court resolved the inconsistency and excused the ward's attendance at the hearing. We defer to that determination, *see Kowalski*, 382 N.W.2d at 867 (stating that we defer to the district court's resolution of inconsistent expressions of a ward's preferences), and affirm the district court's decision to excuse the ward from appearing.

Minnesota Rule of General Practice 416(b) gives the district court discretion to appoint a visitor in guardianship and conservatorship proceedings and provides that, if appointed, "[t]he visitor shall . . . appear, testify and submit to cross-examination at the hearing concerning his or her observations and recommendations, unless such appearance is excused by the court." The visitor was not present at the evidentiary hearing, and the district court did not explicitly excuse his appearance. Appellant asserts, in effect, that the absence of the visitor should be fatal to the district court's decision, but cites no authority supporting that assertion. Additionally, appellant points to no evidence suggesting that the absence of the visitor was prejudicial to the ward. The burden is on

13

appellant to demonstrate both error and prejudice resulting from the error. *See Midway*, 306 Minn. at 356, 237 N.W.2d at 78 (stating the harmless-error rule). Nothing in the record suggests that the visitor, if he had appeared, would have provided testimony to contradict his report.

We reject appellant's argument that the visitor's absence from the hearing should be fatal to the district court's decision because no legal authority supports her argument, and because she has not demonstrated prejudice resulting from the error. We affirm the district court's implicit decision to excuse the visitor from appearing.

## V.      Summary denial

Appellant argues that the district court erred by summarily denying her October 6, 2013 petition in its order dated October 21.[4] The October 6 petition sought vacation of the May 21 order establishing guardianship and conservatorship. By comparison, appellant's April 29 motion sought dismissal of the guardianship petition or change of venue. The district court concluded that the October 6 petition requested the same relief it had denied when appellant defaulted on her April 29 motion by failing to appear at the May 9 hearing. We agree with the district court's characterization and construe appellant's October 6 petition as a motion to vacate a default judgment based on a party's failure to appear. We construe appellant's arguments to this court as an appeal from the district court's decision to deny relief from the default judgment.

---

[4] We note that the October 21 order was not listed in appellant's notice of appeal, which indicated that the appeal was taken solely from the May 21 order appointing Payee Central as guardian and conservator. Nonetheless, we address the October 21 summary dismissal in the interest of judicial efficiency.

14

District courts have discretion to grant relief from default judgments that were granted as the result of mistake, inadvertence, surprise, excusable neglect, or other reasons. *In re Welfare of Children of Coats*, 633 N.W.2d 505, 510 (Minn. 2001) (citing Minn. R. Civ. P. 60.02). A party seeking relief from default judgment granted due to failure to appear must demonstrate, among other things, a reasonable excuse for that failure. *Id.* If the district court denies the request, we review that denial for abuse of discretion. *Id.*

Appellant's October 6 petition offered no explanation for her failure to appear. But in the letter she faxed to the district court on the day of the hearing, appellant stated that she had decided not to attend the hearing because her counsel had withdrawn, and she was "advised not to attend until [her] new counsel team [was] in place and adequately prepared." The supreme court rejected a similar excuse in *LaFond v. Sczepanski*, 273 Minn. 293, 141 N.W.2d 485 (1966). There, the district court granted default judgment after defense counsel withdrew and the defendant declined to participate in the trial. *Id.* at 294–95, 141 N.W.2d at 486–87. The defendant moved to vacate the default judgment, the district court denied the motion, and the defendant appealed. *Id.* at 295, 141 N.W.2d at 487. The supreme court concluded that the district court did not abuse its discretion by denying the motion. *Id.* at 296, 141 N.W.2d at 487. Similarly, the district court did not abuse its discretion here.

## VI. Posttrial motion

Appellant also appears to seek review of the district court's stay of her November posttrial motion. The district court concluded that the taking of this appeal, which

15

occurred on November 19, deprived it of authority to consider the posttrial motion filed on November 20.

The record on appeal is limited to matters that were before the district court at the time it made the decision from which the appeal is taken. *See* Minn. R. Civ. App. P. 110.01 (defining record on appeal). The district court's handling of the November 20 motion is not within the scope of this appeal because that motion was not before the district court when it issued the May 21 order from which this appeal was taken. Moreover, as we have explained, we conclude that appellant is not entitled to relief from the May 21 order appointing Payee Central or from the October 21 order summarily denying the petition to vacate. Accordingly, although we perceive no error in the district court deferring consideration of the posttrial motion while this appeal was pending, any error could not have affected appellant's substantial rights. Errors not affecting a party's substantial rights must be disregarded. Minn. R. Civ. P. 61.

**Affirmed.**

16