## FOLDING FURNITURE WORKS, Inc., v. INDUSTRIAL COMMISSION OF WISCONSIN.

(District Court, W. D. Wisconsin. August 18, 1924.)

1. **Master and servant ⊂⊃69—Minimum Wage Law unconstitutional.**
   The Wisconsin Minimum Wage Law is unconstitutional, so far as it applies to adult women.

2. **Courts ⊂⊃97(1)—Rule announced by Supreme Court can only be changed by it.**
   Modification, restriction, rejection, or reversal of rule announced in opinion of United States Supreme Court must rest with the court announcing it.

3. **Equity ⊂⊃375—Hearing not delayed, where sole question is applicability of another decision.**
   Where, on application for injunction in suit to restrain enforcement of a minimum wage law, the granting or withholding of relief was determinable solely by applicability of decision of United States Supreme Court, defendant's unpreparedness *held* not sufficient ground for delaying hearing.

In Equity. Suit by the Folding Furniture Works, Inc., against the Industrial Commission of Wisconsin. Injunction issued.

A. L. Smongeski, of Stevens Point, Wis., and Leon B. Lamfrom and Benjamin Poss, both of Milwaukee, Wis., for plaintiff.

Fred C. Seibold, of Madison, Wis., and J. E. Messerschmidt, Asst. Atty. Gen., for defendant.

Joseph Padway and Charles Babcock, both of Milwaukee, Wis., for Wisconsin Federation of Labor.

Before EVAN A. EVANS, Circuit Judge, and GEIGER and LUSE, District Judges.

PER CURIAM. Plaintiff, a Wisconsin corporation, doing business and employing labor at Stevens Point, Wis., and alleging facts which bring it within the scope and operation of the so-called Wisconsin Minimum Wage Law (St. Wis. 1923, c. 104), attacks the constitutionality of this act so far as it regulates or makes provision for the determination and fixation of minimum wages for adult women. It specifically disavowed, on oral argument, any intention to attack that part of the law which applied to the wages of minors.

The bill also alleged that a minimum wage of 25 cents per hour had been fixed by defendant, and that plaintiff was able to employ adult women, not physically or mentally handicapped, for less than 25 cents per hour, but, if it did so, it would be subjected to repeated criminal prosecutions, as the act makes each day's employment a separate offense.

[1] The constitutionality of the act, the sole question in the case, is entirely dependent upon the applicability of the decision in Adkins v. Children's Hospital, 261 U. S. 525, 43 Sup. Ct. 394, 67 L. Ed. 785, 24 A. L. R. 1238. A careful comparison of the District of Columbia Act (Comp. St. Ann. Supp. 1919, §§ 3421½–3421½w) with the Wisconsin Act has failed to bring out any vital, or in fact substantial, difference between them, and we are constrained to accept the law as announced in the majority opinion in the Adkins Case.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] If the rule announced in that case is to be modified, limited, restricted, rejected, or reversed, as counsel urge it should be, it must rest with the court that announced it to do so. Until so modified or reversed, it is idle for this court to engage in a discussion of the relative merits of the majority and minority opinions.

[3] Some urge was made at the beginning of the argument that no emergency was shown, and that defendant was unprepared to proceed, and could not be prepared in advance of its filing an answer. The oral argument disclosed the limited character of the attack on the act, as well as the nature of the defense, and counsel with commendable frankness admitted that the granting or withholding of relief was determinable solely by the applicability of the Adkins decision.

The injunctional order, affecting only adult women, will issue.