ARTHUR L. STEVENSON v. WESLEY ST. CLAIR.[1]

January 16, 1925.

No. 24,355.

**Validity of Minimum Wage Law as to minors.**
    Granting that the decision of the United States Supreme Court in
Adkins v. Children's Hospital, 261 U. S. 525, 67 L. ed. 785, 24 A. L. R.
1238, in effect rules that chapter 547, L. 1913, Minimum Wage Law for
Women and Minors, infringes the Federal Constitution so far as the
act relates to adult women, nevertheless, since the court took pains
to exclude from consideration the right of the legislature to fix a
minimum wage for minors, the inference is that as to them such act
is a valid exercise of the police power of the state.

Action in the district court for Ramsey county to recover $306
wages. Defendant's motion for judgment on the pleadings in his
favor was denied, Bechhoefer, J. The case was tried before Orr,
J., who ordered judgment in favor of plaintiff for $240. From the
judgment, defendant appealed. Affirmed.

*O'Brien, Horn & Stringer*, for appellant.

*Charles H. Winter*, for respondent.

*Clifford L. Hilton*, Attorney General (and *Ernest C. Carman*,
Assistant Attorney General) filed a brief as amicus curiae.

HOLT, J.

Plaintiff, a minor, recovered a judgment against defendant for the
difference between the agreed wages the minor had been paid for
his services and the amount fixed under the so-called Minimum
Wage Act, chapter 547, p. 789, L. 1913, and defendant appeals.

The law is attacked as unconstitutional. It was sustained by
this court in Williams v. Evans, 139 Minn. 32, 165 N. W. 495, 166
N. W. 504, L. R. A. 1918F, 542, where its applicability to women
was involved. Later a similar act passed by congress for the Dis-
trict of Columbia was considered by the Supreme Court of the
United States and held violative of the Federal Constitution insofar

[1]Reported in 201 N. W. 629.

as it attempted to fix the minimum wage for adult women. Adkins v. Children's Hospital, 261 U. S. 525, 43 Sup. Ct. 394, 67 L. ed. 785, 24 A. L. R. 1238. However, the court took pains to exclude from the decision the question of the validity of the law as applied to minors.

We may assume, for the purpose of this decision, that the Adkins case renders the part of our act fixing a minimum wage for women repugnant to the Federal Constitution, hence it is useless to discuss the first proposition advanced by appellant. It may well be left as was done by the court in Folding Furniture Works v. Industrial Com. 300 F. 991.

That the provisions of our act relating to the minimum wages for minors are repugnant to the Federal Constitution, we cannot accept as settled. The prediction from Stettler v. O'Hara, 243 U. S. 629, 37 Sup. Ct. 475, 61 L. ed. 937, and the Adkins case would seem to be that as to minors the law would now be held by that court not to exceed the legitimate exercise of the police power of the state. That, in the opinion of this court, it in any manner transgresses the limits of the state Constitution cannot be urged with any hope of success, since the opinion in Williams v. Evans, supra, was rendered.

The last contention is that, if the provisions relating to adult women be eliminated, the remainder of the act cannot stand without supplying additional language, and, even were it possible to separate the unconstitutional features from the rest, it should not be done unless the court can declare that the legislature would have enacted the parts which are constitutional had it known the other parts were invalid. We see no difficulty in applying the law as written, if women not minors are excluded from its operation. And we are persuaded that had the legislature known that the fixing of a minimum wage for adult women infringed the liberty of contract guaranteed by the Federal Constitution, it would nevertheless have enacted the law as to minors. Had the Supreme Court in the Adkins case considered of substance either of the two reasons now urged for holding the act invalid as to minors, there would have been no occasion to ground the decision on the fact that the parties

were sui juris, adult women, and specially stating that the provisions relating to minors were not considered. It is not pointed out wherein our act may not stand as to minors, if invalid as to adult women, as well as the act of congress.

Judgment affirmed.