BENJAMIN C. BRESLAW v. FANNIE BRESLAW.[1]

October 28, 1949.

No. 35,042.

*Virginia B. Blythe,* for appellant.
*Benjamin M. Rigler,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Motion to dismiss defendant's appeal from two orders denying defendant's motions to set aside, vacate, and declare null and void

_____
[1]Reported in 39 N. W. (2d) 499.

the judgment and decree of the district court in a divorce action, on the ground that when the appeal was taken the time in which an appeal could be taken had elapsed.

M. S. A. 605.08 provides:

"An appeal from a judgment may be taken within six months after the entry thereof, and from an order within 30 days after written notice of the same from the adverse party."

According to the affidavit of.Benjamin M. Rigler, plaintiff's attorney, the issues were tried and submitted in the district court of Hennepin county on October 8, 1948, and the findings of fact, conclusions of law, and decision of the court were made and filed October 16, 1948. (The affidavit further states that Dim and Dim, defendant's attorneys, prepared the findings of fact, conclusions of law, and order for judgment and submitted the same to the trial judge.)

According to Mr. Rigler's affidavit, the judgment and decree was entered October 16, 1948. On November 9, 1948, defendant served notice of motion to set aside, vacate, and declare null and void the judgment and decree, and on November 30, 1948, the court made its order denying defendant's motion. On February 23, 1949, defendant served notice of motion for a rehearing of the motion to vacate the judgment, and on April 26, 1949, the court again made its order denying the second motion to vacate the judgment and decree.

On April 28, 1949, notice of the filing of the orders of November 30, 1948, and April 26, 1949, was served on Virginia B. Blythe, defendant's then attorney. On May 26, 1949, defendant served notice of appeal to the supreme court from the two orders denying her motions to vacate the judgment and decree entered October 16, 1948.

It is our opinion that the orders denying the motions to vacate the judgment and decree are not appealable.

In Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374, a motion to dismiss an action for want of prosecution was granted and judgment of dismissal entered. Thereafter, plaintiff moved for an order vacating the judgment. The appeal was from the order denying that motion. The court there said (164 Minn. 444, 205 N. W. 375):

"* * * The judgment was authorized by the order and was itself appealable. By an appeal therefrom the order for the judgment could have been reviewed. * * * Certainly it was not the intention of the legislature, in providing for an appeal from a judgment and limiting the time for it to six months, to leave open the method of review at any time by a motion to vacate and an appeal from the order denying it.

"* * * An unauthorized judgment may be vacated on motion but one which is authorized but erroneous should be reviewed only by an appeal from the judgment itself."

In Matchan v. Phoenix Land Inv. Co. 165 Minn. 479, 205 N. W. 637, an attempt was made to appeal from an order denying a motion to vacate a judgment. Appellants were parties to the case as tried and decided below. We there said that the points appellants urged in their attack upon the judgment could have been made by an appeal therefrom and that they could not be reviewed by a motion to vacate the judgment, citing Gasser v. Spalding, *supra.* In consequence, we held that the order denying the motion to vacate the judgment was not appealable, and defendants' appeal from the trial court's order denying their motion to vacate the judgment was dismissed.

In In re Estate of Hore, 220 Minn. 365, 369, 19 N. W. (2d) 778, 780, 160 A. L. R. 1064, we said:

"* * * The appeal from an order denying a motion for a new trial must be taken within the time for appealing from the judgment, even where no notice of the filing of the order was served."

In the instant case, it appears that defendant submitted to the jurisdiction of the district court by serving and filing her verified answer; that the issues were tried and submitted in the district court; and that her attorneys prepared the findings of fact, conclusions of law, and order for judgment and submitted the same to the district court. Thereafter, on October 16, 1948, the judgment and decree was entered in the district court of Hennepin county. Defendant on two occasions moved the court to set aside, vacate,

and declare the judgment and decree null and void, and both motions were denied. No appeal was taken from the judgment within six months after it was entered.

Appeal dismissed.