LYON DEVELOPMENT CORPORATION v.
RICKE'S, INC.
INDEPENDENT SCHOOL DISTRICT NO. 417,
TRACY, MINNESOTA, GARNISHEE.

207 N. W. 2d 273.

April 13, 1973—No. 43610.

*Robert W. Gislason* and *David W. Nord,* for appellant.

*Moore, Costello & Hart, B. Warren Hart, Larry A. Hanson, Biorn & Smith,* and *Norman E. Biorn,* for respondent.

TODD, JUSTICE.

Garnishee, Independent School District No. 417 (school district), appeals from an order of the district court refusing to

vacate a default judgment entered against it in favor of plaintiff. The lower court determined that the school district had failed to establish good cause to vacate the judgment and had failed to present to the court grounds upon which the default judgment generally should be reopened. We reverse.

Plaintiff initially brought action against defendant, Ricke's Inc., for breach of contract in furnishing labor and material for the construction of housing for the elderly at Tracy, Minnesota. Defendant defaulted and judgment was entered against it on September 8, 1970. On the same day, plaintiff served a garnishment summons upon the school district, which turned the garnishment summons over to its attorney. The attorney admits that no formal garnishee disclosure was made on behalf of the school district as required by statute, but alleges that he prepared a letter on September 12, 1970, addressed to the attorney for plaintiff. In that letter he stated that the school district was holding approximately $30,000 of the total amount of defendant's contract but that there was every indication that there was no indebtedness to defendant by the school district due to defendant's default on its contract. In the closing paragraph of the letter the attorney indicated that he intended the letter to serve in lieu of any formal disclosure and requested that, if any further details were necessary, communications should be directed to his office. The plaintiff's attorney denied receiving the letter, and the trial court found that the letter in fact had not been received by plaintiff's attorney.[1]

On October 7, 1970, plaintiff obtained a default judgment against the school district by filing an affidavit of default with the clerk of the district court, who then caused the judgment to be entered against the school district. On this date, the clerk of the court apparently called the chairman of the school board, informing him of the entry of the judgment, and sent written notice of entry of judgment to the school board. The notice of

---

[1] Plaintiff's attorney is now the assignee of the judgment, but for the purposes of this opinion, such assignment is not material.

entry of judgment was turned over to the attorney by the school board along with many other papers, and apparently was not noticed by the attorney.

On November 24, 1970, plaintiff caused a garnishment summons to be issued against the bank account of the school district. A copy of this garnishment summons was served upon the school board. The bank claimed setoffs which exceeded the amount of the account, and again no communication was received by plaintiff from the school board regarding this garnishment of its account.

Plaintiff did nothing further until July 20, 1971, when a letter was directed to the school district formally demanding payment of the judgment. At this time, the attorney for the school district responded, referring to his alleged correspondence of September 12, 1970. The school district then moved on September 28, 1971, to vacate the judgment. The motion to vacate was accompanied by an affidavit of the school district's attorney, attached to which as exhibit A was a copy of the letter purportedly sent on September 12, 1970, and as exhibit B, a letter to the Internal Revenue Service regarding the facts surrounding the relationship of the school board to the defendant. The affidavit, which was conclusory in form, claimed that the school district was not indebted to the defendant. On January 25, 1972, the lower court entered its order denying the school district's motion, and this appeal was taken from that order. Subsequently, the school district sought to have this matter remanded to the lower court for filing of additional evidentiary affidavits purporting to show a meritorious defense to plaintiff's claim. We denied the motion to remand.

1.  In determining the issues presented here, the threshhold question is whether the judgment against the school district was subject to collateral attack after the time for direct appeal from the judgment itself had expired.

No appeal may lie from an order denying a motion to vacate an authorized judgment. LaFond v. Sczepanski, 273 Minn. 293,

141 N. W. 2d 485 (1966); Breslaw v. Breslaw, 229 Minn. 371, 39 N. W. 2d 499 (1949). The purpose of this rule is to prevent an extension of the time to appeal the original judgment by submitting a motion to vacate the judgment. See, Tombs v. Ashworth, 255 Minn. 55, 58, 95 N. W. 2d 423, 425 (1959). However, an order denying a motion to vacate an unauthorized judgment is appealable. Kelly v. Anderson, 156 Minn. 71, 194 N. W. 102 (1923). In Weckerling v. McNiven Land Co. 231 Minn. 167, 171, 42 N. W. 2d 701, 703 (1950), we said:

"* * * Although an order refusing to vacate an *unauthorized* judgment is appealable, we are not here concerned with an unauthorized judgment. An unauthorized judgment does not result from error in the issuance of the order directing its entry, *but from the absence of an order directing its entry* or from a failure to comply with its terms. If an order authorizing the entry of a judgment is complied with but such order is erroneous, the judgment is nevertheless authorized and the error is judicial and subject to review upon appeal from the judgment. An unauthorized judgment is born of ministerial error in its entry, but an erroneous judgment is born of judicial error. The statutory appeal from the judgment being the exclusive method for reviewing an *authorized* judgment and correcting it if *erroneous,* the law does not permit another method of review by an appeal from an order denying a motion to vacate or modify the judgment." (Italics supplied in part.)

2. The school district contends that the judgment entered by the district court clerk was the result of a ministerial error, and, as such, the judgment is unauthorized and can be collaterally attacked.

Provisions for entry of a judgment against a defaulting garnishee are provided under Minn. St. 571.53, which states:

"If any garnishee who is duly summoned fails to serve his disclosure as required in this chapter, upon proof by affidavit of such facts, *the court may render judgment* against him for

an amount not exceeding judgment creditor's judgment against judgment debtor or 110 percent of the amount claimed in the garnishee summons, whichever is the smaller but the court upon good cause shown may remove such default and permit the garnishee to disclose on such terms as may be just." (Italics supplied.)

Plaintiff contends that under our Rules of Civil Procedure the statute has been superseded by Rule 55.01, which in part provides as follows:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time allowed therefor by these rules or by statute, and that fact is made to appear by affidavit, judgment by default shall be entered against him as follows:

"(1)   When the plaintiff's claim against a defendant is upon a contract for the payment of money only, or for the payment of taxes and penalties and interest thereon owing to the state, the clerk, upon request of the plaintiff and upon affidavit of the amount due, which may not exceed the amount demanded in the complaint, shall enter judgment for the amount due and costs against the defendant.

"(2)   In all other cases, the party entitled to a judgment by default shall apply to the court therefor. If a party against whom judgment is sought has appeared on the action, he shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If the action be one for the recovery of money only, the court shall ascertain, by a reference or otherwise, the amount to which the plaintiff is entitled, and order judgment therefor."

Where there is conflict in our statutes and rules, Rule 81.01, Rules of Civil Procedure, provides as follows with reference to pleading, practice, and procedure:

"(1)   These rules do not govern pleadings, practice and procedure in the statutory and other proceedings listed in Ap-

pendix A insofar as they are inconsistent or in conflict with the rules.

* * * * *

"(3) Subject to the provisions of subparagraph (1) of this rule, the statutes listed in Appendix B and all other statutes inconsistent or in conflict with these rules are superseded insofar as they apply to pleading, practice and procedure in the district court."

Examination of Minn. St. 571.53 indicates that it is a mixture of procedural rules and substantive law. The method of entry of judgment would properly be a procedural rule and the method outlined in Rule 55.01 should be followed. The language of that rule limits the right of the clerk to enter judgment to cases in which the plaintiff's claim is upon a contract for the payment of money only, or for the payment of taxes to the state. The action here, however, is not based on contract, since the only relationship between the parties is their mutual connection with the defendant. Plaintiff relies on the language of Rule 55, Federal Rules of Civil Procedure, from which our rule was derived. However, there is a substantial difference in the Federal rule. The Federal rule provides that the clerk may enter a judgment whenever the claim is "for a sum certain or for a sum which can by computation be made certain." This is an entirely different situation, and since we have not adopted the language of the Federal rules, the act of the clerk in entering judgment in this case was outside the scope of our rule. Judgment should have been entered only upon an application to the court as provided by Rule 55.01(2).[2] Cf. Sommers v. Thomas, 251 Minn. 461, 88 N. W. 2d 191 (1958).

Since judgment in this case was unauthorized and born of

---

[2] It should be noted that when the plaintiff obtained judgment against the defendant, it applied to the court for judgment and did not ask the clerk to enter judgment even though there seems to be substantial basis under its contract for the entry of such judgment.

ministerial error, the order denying its vacation is appealable. Kelly v. Anderson, *supra*.

3. The school district further contends that the entry of the default judgment against it by the clerk violated Rule 15(b), District Court Code of Rules, which provides as follows:

"Judgment against a garnishee shall be entered only upon notice to the garnishee and the defendant, if known to be within the jurisdiction of the court, showing the date and amount of the judgment against the defendant, and the amount for which plaintiff proposes to enter judgment against the garnishee after deducting such fees and allowances as the garnishee is entitled to receive. If the garnishee appears and secures a reduction of the proposed judgment, the court may make an appropriate allowance for fees and expenses incident to such appearance."

Plaintiff admits that it did not give the notice required by this rule, but contends that no notice was required since the school district was in default as provided by Rule 55.01, quoted above, and Rule 5.01, Rules of Civil Procedure, which provides in part:

"* * * No service need be made on parties in default for failure to appear *except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.*" (Italics supplied.)

Rule 83, Rules of Civil Procedure, permits the adoption of rules by the district court so long as such rules are not in conflict with the Rules of Civil Procedure. Plaintiff contends that Rule 15(b), District Court Code of Rules, conflicts with Rules 55.01 and 5.01, Rules of Civil Procedure. Rule 55.01(2) provides for service of notice upon a party who has previously appeared in the action but is now in default. This does not deal with the question of parties who have never appeared in the action. Rule 5.01 specifically would relieve plaintiff of serving defaulting parties except where the pleadings involved assert new or additional claims for relief.

Plaintiff served upon the school district a garnishment summons in a form provided by Minn. St. 571.47, subd. 2. A garnishment summons requires the garnishee to disclose to the plaintiff under oath any indebtedness to the judgment debtor, and any property, money, or effects of the judgment debtor in its possession or under its control not to exceed 110 percent of the amount of the plaintiff's claim. The garnishment summons further requires the garnishee to retain such property in its possession. Nothing in the garnishment summons indicates or places the garnishee on notice that the plaintiff will enter judgment against it for failing to disclose such property. However, the affidavit of default prays that judgment be entered against the garnishee. Consequently, contrary to the position advocated by plaintiff, Rule 15(b), District Court Code of Rules, is clearly consistent with the provisions of Rule 5.01, Rules of Civil Procedure, and plaintiff was required to give notice to the school district of its intention to enter judgment against it.

4. The trial court in considering the school district's motion to vacate the judgment applied the standard provided in Minn. St. 571.53, namely, good cause shown. This is a procedural remedy and, as previously discussed, the Rules of Civil Procedure supersede the statute in this regard. Consequently, Rule 60.02, Rules of Civil Procedure, is applicable. It provides in part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

Since in this case the motion by the school district was made within one year of the entry of judgment, it is proper for the court to consider both clauses (1) and (6) of Rule 60.02. The trial court also seemed to give attention to Rule 60.02(6), when it stated in its memorandum that the school district had failed to present to the court grounds upon which a default judgment generally should be reopened. However, the trial court did not consider any mistake or inadvertence which led to the entry of judgment against the school district as a result of the failure of plaintiff to give notice to the school district pursuant to Rule 15(b), District Court Code of Rules, prior to the entry of judgment.

Normally, an application to vacate a default judgment is addressed to the sound discretion of the trial court and its order will not be reversed except for an abuse of discretion. See, Roinestad v. McCarthy, 249 Minn. 396, 406, 82 N. W. 2d 697, 703 (1957). We have held that in order to sustain a motion to vacate a default judgment the petitioner must show (1) a reasonable defense on the merits; (2) a reasonable excuse for failure or neglect to answer; (3) he acted with due diligence after notice of entry of judgment; and (4) no substantial prejudice will result to the other party. Frontier Lbr. & Hardware, Inc. v. Dickey, 289 Minn. 162, 183 N. W. 2d 788 (1971). Rule 22, District Court Code of Rules, provides that such showing must be made by an affidavit stating with particularity the facts upon which the moving party relies. The affidavits in this case fall short of the particularity required by the Code of Rules, and there has been no showing that the requirements stated above have been met.

However, these rules for vacation of default judgments apply to all judgments. We here hold that in the case of a default judgment against a garnishee, the failure to give the notice required by Rule 15(b), District Court Code of Rules, and to obtain a court order are procedural defects of such consequence that under clauses (1) and (6) of Rule 60.02 the mere showing of

that failure in and of itself is grounds to set aside the default judgment entered against the garnishee.

Sound public policy dictates such a strict rule. Garnishees should be entitled to strict compliance with all procedural remedies because of the nature of their relationship to the parties in the original action. A garnishee should not become indebted to the plaintiff unless every proper procedural step is taken to protect its interests, and the entry of judgment against it must be strictly construed. The trial court did not have the benefit of our ruling in this case, and therefore we must reverse its order denying vacation of the judgment entered against the school district-garnishee.

The matter is remanded to the lower court with instructions to permit the school district to appear and file its garnishee disclosure regarding its indebtedness or property held by it, owing to defendant as of September 8, 1970, without prejudice to the right of plaintiff to challenge the garnishment disclosure so filed as provided by statute. Further, the trial court shall require the school district to pay such costs and disbursements to plaintiff as it deems appropriate.

Reversed and remanded.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.