Harriet M. LIEDTKE, Appellant,

v.

Joseph V. FERGUSON III, and Larson, Holmstrom, Huseby and Brodin, Ltd., Respondent.

No. CX–85–400.

Court of Appeals of Minnesota.

July 9, 1985.

Review Denied Sept. 13, 1985.

Harriet M. Liedtke, pro se.

Joseph V. Ferguson, III, Duluth, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Liedtke filed a complaint in Washington County against Ferguson for a refund of attorney fees. Ferguson sought and was granted a change of venue to St. Louis County. Liedtke filed a writ of mandamus on venue in district court which was denied. The trial court dismissed Liedtke's complaint with prejudice because she failed to appear. Appellant then filed a writ of mandamus on venue with the court of appeals which was denied. The trial court entered the order dismissing the complaint in November 1984. This appeal followed. We affirm.

## FACTS

Appellant Liedtke was unsatisfied with work performed on her car by an auto repair shop. After filing · several complaints and appeals in conciliation court in St. Louis County, Liedtke hired Ferguson to represent her on appeal. Ferguson agreed to represent Liedtke for $500, specifically contingent upon Liedtke taking no further action herself without the expressed approval of Ferguson.

Liedtke subsequently filed another complaint against the auto repair shop without the knowledge or advice of Ferguson. Ferguson immediately withdrew as her counsel. Liedtke filed a complaint in Washington County against Ferguson for a refund of attorney fees. Both Liedtke and Ferguson are residents of St. Louis County; Ferguson's law office is located in St. Louis County; all relevant actions occurred in St. Louis County.

Ferguson moved for and was granted a change of venue to St. Louis County. Liedtke did not appear at the hearing on the motion for a change of venue due to conflicts in her work schedule. She filed a writ of mandamus on venue in district court in November 1983; it was denied in January 1984. Liedtke also did not appear for the trial on the merits before the district court of St. Louis County on February 24, 1984. The court dismissed with prejudice Liedtke's complaint in an order dated March 1, 1984. Liedtke filed a writ of mandamus on venue in the court of appeals June 19, 1984; it was denied July 17, 1984. The trial court entered the order dismissing Liedtke's complaint with prejudice on November 29, 1984.

Liedtke filed her appeal of the order dismissing her complaint with prejudice February 26, 1985.

## ISSUES

1. Did the trial court err in dismissing appellant's complaint with prejudice?

2. Does a note of issue for trial have to be refiled by a party after a change of venue has been granted?

## ANALYSIS

1. Liedtke argues that the trial court's dismissal of her complaint because she failed to appear at the trial was error since the change of venue was improper. The venue issue has already been resolved by this court when it denied Liedtke's writ of mandamus on venue in an order issued July 18, 1984. A petition for writ of mandamus is the proper vehicle for review of a venue order. *Ebenezer Society v. Minnesota State Board of Health*, 301 Minn. 188, 223 N.W.2d 385 (1974). Liedtke may not raise this issue for review again in this appeal.

2. Liedtke claims that once the change of venue was granted, Ferguson should have refiled a note of issue under Minn.R. Civ.P. 38.03. In the case Liedtke relies on, unlike the facts here, the plaintiff served no notice of trial upon the defendants before the beginning of the general term as required by statute. *Anderson v. Connecticut Fire Ins. Co.*, 231 Minn. 469, 43 N.W.2d 807 (1950).

There is no Minnesota law holding that once a change of venue has been granted, the defendant must then refile a note of issue before the clerk of court can set a court date. Liedtke does not indicate when she. knew of the new court date, or the extent to which it may have prevented her appearance because of her work schedule. She does state that she would be unable to attend any trial in Duluth because of the long commuting distance and her work schedule. The note of issue would not have resolved these problems, nor would these problems have relieved her of her obligation to appear, once her writ of mandamus on the venue issue had been denied. The trial court did not err in dismissing Liedtke's complaint with prejudice.

## DECISION

We affirm the trial court's dismissal with prejudice of appellant's complaint.

Affirmed.