**BANQUE INTERNATIONALE LUXEMBOURG, Respondent,**

v.

**DACOTAH COMPANIES, Appellant.**

**No. C3–87–811.**

Court of Appeals of Minnesota.

Oct. 20, 1987.

Steven C. Schroer, Gregory J. Schaefer, Faegre & Benson, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

HUSPENI, Judge.

In an action by appellant Dacotah Companies, Inc., to vacate a judgment entered under a warrant of attorney to confess judgment, the district court granted the motion to vacate, conditioned upon appellant posting a $400,000 bond. Dacotah appeals this decision alleging it was improper to condition the vacation upon the posting of the bond. Respondent filed a notice of review asking that this court, if it disturbs the trial court's bond requirement, address the issue of whether vacating a judgment entered by confession is proper. We affirm the trial court and do not reach respondent's claims.

## FACTS

Appellant and respondent Banque International Luxenbourg entered into an agreement in December 1984, executed in January 1985, in which respondent agreed to loan appellant $500,000. This loan, evidenced by a promissory note, contained a warrant of attorney to confess judgment. This warrant stated in relevant part:

> [Appellant], on behalf of itself and its legal representatives, successors and assigns, hereby authorizes and empowers irrevocably any attorney of any court of record to appear for it in such court, in term time or vacation, at any time after said Promissory Note becomes due and cause of action accrues thereon, and to confess judgment against it without process in favor of the then holder of said Promissory Note, for the amount thereof * * *.

William Z. Pentelovitch, David F. Herr, Maslon, Edelman, Borman & Brand, Minneapolis, for respondent.

The warrant was signed by Charles W. Erickson, president of Dacotah, and notarized on January 29, 1985.

The promissory note came due on December 1, 1985. Appellant failed to meet this deadline. On November 26, 1986, pursuant to the confession of judgment, judgment for $446,763.92 was entered in favor of respondent.

On December 15, 1986, appellant moved to vacate the judgment pursuant to Minn. R.Civ.P. 60.02. On March 18, 1987, the district court granted appellant's motion, and conditioned vacation upon appellant's posting a $400,000 bond. The court imposed the bond after respondent had presented evidence that appellant was transferring property in order to avoid judgment. Appellant subsequently petitioned the district court for relief from the March 18 order, seeking a reduction or elimination of the bond. Appellant claimed that, despite its best efforts, it was unable to obtain a bond from a local bonding company. Appellant argued that in order to obtain a bond, it would have been compelled to liquidate all its assets and disrupt its day-to-day business operations.

On April 22, 1987, the district court denied appellant's motion and reaffirmed the March 18 order. The trial court gave appellant three days to post a bond. Appellant failed to comply with the order, and on appeal alleges that the trial court erred by conditioning vacation of judgment upon the posting of a bond.

While this appeal was pending, appellant sought a writ of prohibition and a writ of mandamus to compel the trial court to vacate the judgment without the requirement that the $400,000 bond be posted. Appellant's request was denied by a special term panel of this court. The special term order dated May 26, 1987, provided, in relevant part, that "Rule 60.02 gives the trial court discretionary authority to condition orders vacating judgments on the continuation of some security for the judgment creditor * * *." This issue is before the court once more on the appeal on the merits.

## ISSUES

1. May an issue brought before the special term panel of this court, in a petition for a writ of mandamus, be reviewed de novo upon appeal on the merits?

2. Does the trial court have authority to require a bond as a condition to vacating a judgment entered pursuant to a confession of judgment?

3. Did the trial court abuse its discretion in ordering a bond in the sum of $400,000?

## ANALYSIS

### I.

Respondent asserts that the May 26, 1987, order of this court must be considered the law of the case, thus precluding any additional review of the issue addressed therein. We cannot agree. As one court explained:

The law of the case doctrine * * * is a self-imposed prudential limitation rather than a recognition of a limitation of the courts' power. It is not, therefore, an immutable rule, but rather a way to foreclose continued appeals for reconsideration of prior rulings of law.

*Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir.1982) (citations omitted). While this court has recognized the applicability of the doctrine to cases where an issue has been previously raised in a petition for a writ of mandamus, *Liedtke v. Ferguson*, 370 N.W.2d 477, *pet. for rev. denied* (Minn. Sept. 13, 1985), there is no blanket rule which precludes us from re-examining an issue that was brought before the special term panel. In this instance, in considering the appeal on the merits, we have undertaken a separate analysis of the question raised by appellant. Upon our independent review of the issue, we come to the same conclusion as the special term panel.

### II.

Minn.R.Civ.P. 60.02, upon which the trial court based its vacation of judgment, states:

On motion, and *upon such terms as are just,* the court may relieve a party or his legal representative from a final judgment, * * * order, or proceeding and

may order a new trial or grant such other relief as may be just * * *.

(Emphasis added.) Appellant correctly observes that cases interpreting this rule primarily have involved default judgments, not confessions of judgment by warrant of attorney. However, it is clear from these cases that a trial court may require a defendant to give bond for the payment of any judgment and costs as a condition to vacating a default judgment. *Nielsen Stock & Blackburn, Ltd. v. Financial Acceptance Corporation, Inc.*, 299 Minn. 81, 85, 216 N.W.2d 693, 696 (1974); *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964). This is especially true where it has been suggested that appellant had transferred title to some of its property in an effort to escape payment of the judgment. *See Finden*, 268 Minn. at 272, 128 N.W.2d at 751.

■ Appellant urges this court to refrain from extending the trial court's authority to require a bond as a condition of vacation to this case, where judgment has been entered under a confession of judgment. We note, however, that the "rules for vacation of default judgments apply to all judgments." *Lyon Development Corp. v. Ricke's, Inc.*, 296 Minn. 75, 84, 207 N.W.2d 273, 279 (1973). Minnesota courts have long equated vacation of default judgments with that of other forms of judgment. For instance, in *Holmes v. Conter*, 209 Minn. 144, 295 N.W. 649 (1941), the court, in interpreting 2 Mason Minn.St.1927, § 9283,[1] similar to rule 60.02, held that the section applied equally to all judgments, not simply to default judgments or judgments that were erroneous. *See also Lafond v. Sczepanski*, 273 Minn. 293, 141 N.W.2d 485 (1966).

■ Notwithstanding appellant's protests to the contrary, we find no basis upon which to distinguish between imposition of a bond in a case involving a default judgment and in a case, such as here, where the court vacated a judgment entered under a confession of judgment. The language of the rule draws no distinctions between the authority given trial courts to vacate default judgments and to vacate other judgments. We will not engage in speculation to supply that which the rule does not.

### III.

Notwithstanding the trial court's authority to condition vacation of the judgment upon posting of the bond, did the trial court err in setting the bond at the amount it did? We believe not.

■ An application to vacate a default judgment is addressed to the sound discretion of the trial court and its order will not be reversed except for an abuse of discretion. *Lyon Development*, 296 Minn. at 84, 207 N.W.2d at 278.

■ The court set the bond at $400,000. This was $46,763.92 less than the amount of the judgment entered against appellant. In at least one instance, a bond set far in excess of the amount the court found owing to the plaintiff was upheld on appeal. *See Johnson v. Nelson*, 265 Minn. 71, 120 N.W.2d 333 (1963). We do not hold that a bond set at less than the amount owing can never be considered unduly prejudicial. However, given the facts of this case, a $400,000 bond was reasonable.

Respondent presented evidence before the trial court that appellant was transferring property in order to avoid judgment. This evidence was not refuted by appellant at the time. In *Finden*, the court held that it is proper to impose a bond in order to avoid prejudice to respondent where such an accusation is made. Further, appellant made numerous attempts to obtain a bond but was unsuccessful. This indicates that respondent might encounter difficulties trying to satisfy any judgment it obtained and would be prejudiced if the judgment were

---

**1.** 2 Mason Minn.St.1927, § 9283, provided in part:

The court * * * may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders, or proceedings, whether made in or out of term and may supply any omission in any proceeding or in the record, or by amendment conform any proceeding to the statute under which it was taken.

set aside without requiring appellant to post a bond. Despite appellant's argument that it could have satisfied any judgment against it, we cannot say that the imposition of a $400,000 bond requirement in an attempt to protect respondent was an abuse of the trial court's discretion.

Because respondent has requested that we review the propriety of the vacation of the judgment only if we disturb the trial court's ruling, we do not address respondent's claims.

## DECISION

The law of the case doctrine does not preclude review of an order of the special term panel. Upon an independent review of the issue previously presented, we hold that Minn.R.Civ.P. 60.02 grants the trial court the authority to condition the vacation of a judgment entered under a confession of judgment upon the posting of a security bond. In this case, the trial court did not abuse that authority.

Affirmed.