**Katherine GRIFFIS, Respondent,**

v.

**Marianne LUBAN, Appellant.**

**No. C8–99–762.**

Court of Appeals of Minnesota.

Nov. 9, 1999.

Michael L. Perlman, Perlman Law Office, St. Louis Park, for appellant.

Considered and decided by AMUNDSON, Presiding Judge, LANSING, Judge, and PETERSON, Judge.

## OPINION

PETERSON, Judge.

On appeal from a judgment purportedly affirming an Alabama judgment filed in Minnesota under the Uniform Enforcement of Foreign Judgments Act, appellant Marianne Luban argues that the referee erred by refusing to vacate the Alabama judgment and by considering respondent's requests for amended findings, reconsideration, and to set aside under Minn. R. Civ. P. 53.05. Because the orders of the referee were never countersigned, reviewed, or confirmed by a district court judge, the Minnesota judgment based on those orders is unauthorized and must be vacated. We do not reach the merits of appellant's argument that Alabama lacked jurisdiction to enter the default judgment.

## FACTS

Respondent Katherine Griffis resides in Alabama. Appellant Marianne Luban resides in Minnesota. Griffis brought a defamation action against Luban in Alabama, alleging that Internet communications by Luban damaged Griffis in Alabama. Luban did not answer, and a default judgment was entered against her in Alabama.

Griffis sought to enforce the judgment in Minnesota. After Griffis filed the judgment in Ramsey County, Luban moved to vacate, arguing that Alabama lacked personal jurisdiction over her and the judgment was not entitled to full faith and credit. The court administrator assigned the motion to vacate to a referee, in accordance with a 1995 "standing order" signed by the acting chief judge of the district.

Ralph Overholt, Hopkins, MN, Carl Peter Erlinder, St. Paul, for respondent.

No party objected to the referee hearing the motion to vacate. In August 1998, the referee issued findings and an order recommending that the motion to vacate be granted. Luban's counsel served notice of filing of the recommended order. Griffis then moved for "reconsideration and amendment," identifying specific findings to be amended and citing Minn. R. Civ. P. 52.02 (motion for amended findings). Griffis also filed and served objections to the referee's findings. *See* Minn.Stat. § 484.70, subd. 7(d) (1998) (review of referee's recommended findings and order on notice specifying grounds for review and specific provisions disputed); Minn. R. Civ. P. 53.05(b) (party may serve written objections to referee's report). Later, Griffis filed a request for review of the referee's recommended decision by a district court judge.

Luban objected to the filings by Griffis and requested that the referee's order be signed by a district court judge. No hearing on the motions filed by Griffis was scheduled or held. Months later, the referee issued an order granting amended findings and affirming the Alabama judgment. The referee also issued an amended order to correct a typographical error. None of the referee's orders was countersigned or confirmed by a district court judge. In March 1999, the court administrator entered judgment on the referee's orders. Luban appealed from that judgment.

## ISSUE

Is the Minnesota judgment entered on the referee's orders unauthorized?

## ANALYSIS

■ The powers of referees are governed by statute and by rules promulgated by the Minnesota Supreme Court. *See, e.g.,* Minn.Stat. § 484.70 (1998); Minn. R. Civ. P. 53. The supreme court has indicated that "reference to a referee shall be the exception and not the rule." Minn. R. Civ. P. 53.02. But the legislature has given the chief judges of the district courts broad administrative and assignment authority, which extends to assigning referees "to hear any matter in any court of the judicial district." Minn.Stat. §§ 484.70, subd. 1 (chief judge may appoint referees, who are subject to administrative authority and assignment power of the chief judge; assignments not limited "to family, probate, juvenile, or special term" matters), 484.69, subd. 3 (1998) (chief judge shall make assignments to serve on various courts within the district).

■ The scope of a referee's authority in a particular case may be governed by an order of reference. *See* Minn. R. Civ. P. 53.03 (order of reference may specify or limit referee's powers). But in this case, there was no individual order of reference; the judges of the second judicial district directed that all motions to vacate be assigned to referees. The standing order on the assignment of certain matters to referees was signed by the acting chief judge of the district, and it appears to be within the scope of the administrative authority and assignment power of the chief judge. *See* Minn.Stat. § 484.70, subd. 1 (referees subject to administrative authority and assignment power of chief judge).

Neither party objected in writing to the initial assignment of a referee to hear the motion to vacate. *See id.,* subd. 6 (any party or attorney may object to assignment of a referee to hear a matter); Minn. R. Gen. Pract. 107 (any party objecting to having referee hear contested matter shall serve and file objection within ten days of notice of assignment); Minn. R. Juv. P. 23.02, 38.02 (parties in juvenile delinquency or juvenile protection proceedings may object in writing within three days after being informed that referee is to hear matter). We assume, for purposes of our analysis in this case, that the initial assignment to the referee was proper.

Referees issue reports and make recommended findings and orders. Minn.Stat. § 484.70, subd. 7(c) (referee to transmit

recommended findings and orders); Minn. R. Civ. P. 53.05(a) (referee to prepare report on matters referred). But referees do not have authority to issue final decisions. "The recommended findings and orders of a referee become the findings and orders of the court when confirmed by a judge." Minn.Stat. § 484.70, subd. 7(c); *see also id.*, subd. 7(e) (recommended order of a referee becomes an "effective order when countersigned by a judge"). Confirmation by a district court judge also establishes the propriety of the initial referral to the referee. Minn.Stat. § 484.70, subd. 7(c). The recommended orders of the referee in this case were never confirmed by a district court judge, as required by law, and thus they did not become the orders of the court. *See* Minn. Stat. § 484.70, subd. 7(c). Even if the matter was properly referred to the referee, the recommended orders of the referee never became effective. *See id.*, subd. 7(e).

The 1995 standing order directs the court administrator to "enter as an order of [the] court" recommended orders of referees in certain types of cases "without submission to a judge for manual signature." No authority to do so is cited in the standing order. The parties have not identified any authority permitting a judicial district to abrogate the statutory requirement that recommended orders of referees be countersigned or confirmed by a district court judge before they become effective, and we have found no authority for this proposition.

By order, the supreme court has sometimes modified provisions involving the powers and assignments of referees. In 1996, the supreme court approved a pilot project requiring the assignment of related family, harassment, probate, and juvenile matters pending in the second judicial district to the same judge or referee. *In Re Second Judicial Dist. Combined Family, Civil Harassment, Juvenile & Probate Jurisdiction Pilot Project*, No. CX–89–1863 (Minn. Apr. 10, 1996). That order

and corresponding legislation suspends the right of litigants to (a) object to assignment to a referee and (b) obtain a review hearing before a district court judge on a referee's recommended findings and orders. *Id.* But the supreme court's order establishing the pilot project also specifies that "a referee's recommended findings and orders remain subject to confirmation by a judge where required by law or court rule." *Id.* And the court explicitly cited Minn.Stat. § 484.70, subd. 7(b) and (c), requiring "confirmation by a judge" and providing that a referee's decision becomes an order "of the court when confirmed by a judge." Those are the same provisions on which our holding in this case is based.

This case is not within the scope of the pilot project on combined jurisdiction, but the supreme court's preservation of the requirement that decisions of referees be confirmed or countersigned by district court judges indicates the continuing vitality of that requirement. There is no evidence of a rule, supreme court order, or statute applicable to this case that would authorize referees to issue final decisions without confirmation by a district court judge.

 Because the referee's recommended orders were not confirmed, they never became "the findings and orders of the [district] court," within the meaning of the statute. *See* Minn.Stat. § 484.70, subd. 7(c). And because the referee's recommended orders were not countersigned, they never became effective orders within the meaning of the statute. *See* Minn. Stat. § 484.70, subd. 7(e). A judgment entered without a court order directing entry is unauthorized. *Weckerling v. McNiven Land Co.*, 231 Minn. 167, 171, 42 N.W.2d 701, 703 (1950). A challenge to an unauthorized judgment may be raised on appeal. *Lyon Dev. Corp. v. Ricke's, Inc.*, 296 Minn. 75, 76, 78–79, 207 N.W.2d 273, 274, 275–76 (1973). When the court administrator commits ministerial error by entering judgment without a court order in the absence of a promulgated rule autho-

rizing the act, the resulting judgment is unauthorized and should be vacated. *Id.* at 81–82, 207 N.W.2d at 277.

We vacate the judgment because it is unauthorized and do not reach the merits of (a) Luban's assertion that the referee should not have considered the request for reconsideration or amended findings or (b) the referee's ruling that Alabama had personal jurisdiction over Luban and the Alabama judgment is, therefore, entitled to full faith and credit in Minnesota.

## DECISION

The referee's orders never became effective because they were not confirmed or countersigned by a district court judge. The judgment based on the referee's orders is unauthorized and must be vacated.

**Judgment vacated.**